*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★       ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00255-CR

Barbara Estrada **ISUNZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the144th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-10344A
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:    July 1, 2009

DISMISSED

Pursuant to a plea bargain agreement, appellant Barbara Estrada Isunza pled nolo contendere

to the offense of forgery. The trial court imposed sentence and signed a certificate stating that this

"is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

After appellant timely filed a notice of appeal, the clerk sent copies of the certification and notice

of appeal to this court. *See* TEX. R. APP. P. 25.2(e). The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and that the trial court denied permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). After reviewing the clerk's record, the trial court's certification therefore appears to accurately reflect that this is a plea bargain case and Rodriguez does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On May 20, 2009, we gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing she has the right to appeal has been made part of the appellate record by June 19, 2009. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). An amended certification showing appellant has the right to appeal has not been filed. We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish